HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Jennifer Dold *et al.*,

    Plaintiffs,

v.

Snohomish County *et al.*,

    Defendants.

Case No. 2:20-cv-00383-RAJ

ORDER GRANTING JOINT MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL

    This matter comes before the Court on Defendant's Joint Motion for Withdrawal and Substitution of Counsel for Defendants Snohomish County and Bryson McGee. Dkt. # 24.

    When this case first began, Defendants were represented as follows: Defendant Snohomish County ("County") and Defendant Bryson McGee were both represented by Snohomish Counting Prosecuting Attorney's Office. Dkt. ## 4, 5. Defendant Cody McCoy, on the other hand, was represented by the law firm Keating, Bucklin & McCormack Inc. P.S. Dkt. # 7.

    Now, Snohomish County Prosecuting Attorney's Office seeks to withdraw as counsel, citing a potential conflict of interest between the County and Mr. McGee. Dkt. # 24. Through a joint motion, all Defendants request that the law firm Frey Buck P.S. be allowed to appear and represent the County and that Keating, Bucklin & McCormack be

ORDER – 1

allowed to assume representation of Mr. McGee, jointly with co-Defendant Mr. McCoy. *Id.* Defendants represent that both Mr. McGee and Mr. McCoy have consented to the joint representation and have signed a written consent letter available for the Court's *in camera* review upon request. *Id.*

Plaintiffs do not oppose Frey Buck's appearance and substitution of counsel for the County. *See* Dkt. # 25. But they do object to Keating, Bucklin & McCormack's joint representation of individual Defendants, Mr. McGee and Mr. McCoy. *Id.* According to Plaintiffs, "there are such obvious potential conflicts between [them] that joint representation . . . should not be permitted." *Id.* at 1. In any event, they say, the Court should engage in a "judicial inquiry into the defendants' understanding of what defenses they will be giving up if they consent to joint representation so that this court can determine whether their alleged consent to joint representation is fully informed." *Id.*

At this stage, the Court rejects Plaintiffs' objections and their call for a "judicial inquiry." Withdrawal of counsel is governed by Local Rule 83.2(b). Local Rules W.D. Wash. LCR 83.2. Plaintiffs' argument is not that Defendants failed to comply with that rule. Rather, their argument is, should this case proceed despite the conflict of interest created by the joint representation, Plaintiffs could potentially "try this case, win it, and then have their verdict invalidated because one of the officers . . . asserts that he was not fairly represented by conflict free counsel." Dkt. # 25 at 5.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ORDER – 2

Whatever their merits may be, the arguments are premature and not properly before this Court.  Before the Court is Defendants' joint motion to withdraw and substitute counsel, not a motion for disqualification of counsel.  Given that the joint motion complies with Local Rule 83.2(b), the Court **GRANTS** Defendants' motion.  Dkt. # 24.  It expresses no opinion on the merits of Plaintiffs' conflict of interest arguments. Dkt. # 25.

DATED this 26th day of August, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3