HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Jennifer Dold *et al.*,<br>Plaintiffs,<br>v.<br>Snohomish County *et al.*,<br>Defendants. | Case No. 2:20-cv-00383-RAJ<br>**ORDER** |

## I. INTRODUCTION

This matter comes before the Court on Defendants Snohomish County and Bryson McGee's Motion for Partial Summary Judgment as to the State Law Claims. Dkt. # 13. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is **GRANTED in part** and **DENIED in part**.

## II. BACKGROUND

On March 21, 2017, Alexander Dold, a 29-year old man, was living with his mother, Plaintiff Kathy Duncan. Dkt. # 6 ¶ 8; Dkt. # 9 ¶ 8. That evening, Ms. Duncan called the police on her son. Dkt. # 6 ¶ 25; Dkt. # 9 ¶ 31. She told the phone operator that Mr. Dold had schizophrenia and had not taken his medicine for months. Dkt. # 6 ¶ 32; Dkt. # 9 ¶ 32. She also said that Mr. Dold had broken a lanyard around her neck

and tried to take her phone from her. Dkt. # 6 ¶ 33; Dkt. # 9 ¶ 33. Soon after, Defendants Bryson McGee and Cody McCoy, both Snohomish County deputy sheriffs, were dispatched to Ms. Duncan's home. Dkt. # 6 ¶ 35; Dkt. # 9 ¶ 35.

When the sheriffs arrived, Mr. McGee knocked on the door. Dkt. # 6 ¶ 65; Dkt. # 9 ¶ 65. Mr. Dold opened the door. Dkt. # 6 ¶ 67; Dkt. # 9 ¶ 67. Mr. Dold then tried to close the door, until Mr. McGee blocked it with his foot and entered the house, Mr. McCoy following behind. Dkt. # 6 ¶¶ 73-76; Dkt. # 9 ¶¶ 73-76. Mr. Dold then retreated to his mother's bedroom. Dkt. # 6 ¶¶ 79-80; Dkt. # 9 ¶¶ 79-80.

A struggle between the officers and Mr. Dold ensued. Dkt. # 6 ¶¶ 73-76; Dkt. # 9 ¶¶ 73-76. During that struggle, the officers applied a choking technique, a "Lateral Vascular Neck Restraint," and tasered Mr. Dold multiple times. Dkt. # 6 ¶¶ 84, 101, 105; Dkt. # 9 ¶¶ 84, 101, 105.

Eventually, Mr. Dold lost consciousness. Dkt. # 6 ¶¶ 127-29; Dkt. # 9 ¶¶ 127-29. Medical units arrived and tried to resuscitate Mr. Dold to no avail. Dkt. # 6 ¶¶ 152-54; Dkt. # 9 ¶¶ 152-54. He died at the scene. Dkt. # 6 ¶ 154; Dkt. # 9 ¶ 154.

Nearly three years later, on March 10, 2020, Ms. Duncan and Plaintiff Jennifer Dold, Mr. Dold's sister and the personal representative of his estate ("Estate"), filed a complaint in this Court. Dkt. # 1. They are suing Mr. McGee and Mr. McCoy, as well as Defendant Snohomish County ("County"). *Id.* They assert federal claims under 42 U.S.C. § 1983 and state law claims for wrongful death and negligent retention. *Id.* ¶¶ 163-75.

The County and Mr. McGee ("Moving Defendants") moved for partial summary judgment on Plaintiffs' state law claims. Dkt. # 13. The motion is fully briefed and now pending before the Court.

## III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

## IV. DISCUSSION

In Washington, before a plaintiff sues a county for tortious conduct, the plaintiff must file a "claim for damages." RCW 4.96.010(1). The filing of that claim for damages, sometimes referred to as a claim form, is a "condition precedent to the commencement of any action claiming damages." *Id.* Moving Defendants argue that both Plaintiffs, Ms. Dold and Ms. Duncan, failed to comply with that statutory requirement. Dkt. # 13. The Court first determines whether Plaintiffs properly submitted a claim form and then determines what state law claims may proceed.

### A. Claim Form

A county derives its sovereign immunity from the state. *Silvernail v. Pierce Cty.*, 492 P.2d 1024, 1024 (Wash. 1972). In 1967, the Washington legislature waived sovereign immunity as to the state's political subdivisions, including counties. *Id.* The right to sue a county is thus a creature of statute, "not a fundamental right," and the legislature has the power to regulate suits against the government. *Medina v. Pub. Util.*

*Dist. No. 1 of Benton Cty.*, 53 P.3d 993, 998 (Wash. 2002). The statute that waives sovereign immunity for all local government entities is RCW 4.96.010. *Woods v. Bailet*, 67 P.3d 511, 514 (Wash. Ct. App. 2003).

Under RCW 4.96.010, "[a]ll local governmental entities . . . shall be liable for damages arising out of their tortious conduct . . . to the same extent as if they were a private person or corporation." "However, prospective plaintiffs must [first] file a tort claim with the local government." *Renner v. City of Marysville*, 230 P.3d 569, 571 (Wash. 2010). Filing that "claim for damages" is a "condition precedent" to any action under the statute. RCW 4.96.010(1).

The chapter's next section, RCW 4.96.020, sets forth the requirements for a claim form. It sets forth "the content of the claims" and "all procedural requirements," both of which "must be liberally construed so that substantial compliance will be deemed satisfactory." RCW 4.96.020.

Here, there are two plaintiffs: Ms. Dold and Ms. Duncan. Dkt. # 1 ¶¶ 1, 2. Ms. Dold is not suing in her individual capacity. *Id.* ¶ 1. She is Alexander Dold's sister and the personal representative of his Estate. *Id.* She is bringing this lawsuit on behalf of the Estate. *Id.* Ms. Duncan, on the other hand, is Alexander Dold's mother and is suing in her individual capacity. *Id.* ¶ 2.

Though there are two plaintiffs, only one, Ms. Duncan, filed a claim form under RCW 4.96.010. Dkt. # 15 ¶¶ 4-5, Ex. A. Ms. Dold, and hence the Estate, did not file a claim form. *Id.* ¶ 4. Because Ms. Dold did not file a claim form, she has failed to meet RCW 4.96.010's condition precedent. To the extent that she asserts any state law claims against the County, the state law claims are dismissed for failing to meet that requirement. *Westway Const., Inc. v. Benton Cty.*, 151 P.3d 1005, 1009 (Wash. Ct. App. 2006) ("A court must dismiss any action commenced in violation of a statutorily mandated claim filing condition precedent."). Further, her state law claims are dismissed with prejudice because the three-year statutes of limitation for wrongful death and

negligent retention claims have now lapsed. RCW 4.16.080(2); *Huntington v. Samaritan Hosp.*, 680 P.2d 58, 59 (Wash. 1984). It has now been more than four and a half years since Alexander Dold's death, and Plaintiffs have not raised a triable issue of fact as to why the statutes have not run. *Soremekun*, 509 F.3d at 984.

Despite this straightforward application of RCW 4.96.010, Plaintiffs offer the following argument. To start, they argue that the claim form that Ms. Duncan submitted was, in fact, submitted on both her and Ms. Dold's behalf. Dkt. # 16 at 3-7. When Ms. Duncan completed her claim form, they say, Ms. Dold helped her complete that form, but Ms. Dold believed that she did not need to complete or sign the form herself. Dkt. # 18 ¶ 7 ("I now understand that both [Ms. Duncan] and the Estate of Alexander Dold are claimants in this case. I did not understand that at the time [Ms. Duncan] signed the claim form."). Assuming that Ms. Duncan's claim form indeed covers both her and Ms. Dold, Plaintiffs argue that the issue before the Court is whether the claim form complied with RCW 4.96.020. To that end, they first argue that RCW 4.96.020 does not require a claim form to be signed by a personal representative of the estate of a deceased person. Dkt. # 16 at 8-13. Hence, Ms. Duncan did not need to list Ms. Dold on the claim form in the first place. Next Plaintiffs say that even if there were such a requirement, they substantially complied with that requirement. *Id.* at 17-18. Finally, they say that the statute's purpose was fulfilled because Plaintiffs sufficiently notified the County of the Estate's claims.

The Court begins by rejecting Plaintiffs' foundational premise: Ms. Dold did not, in fact, submit a claim form. This is not subject to reasonable dispute. The County has no record of a form from Ms. Dold. Dkt. # 15 ¶ 4. Plaintiffs do not contend that Ms. Dold submitted a form separate from Ms. Duncan's. Ms. Duncan's form lists only her as the "claimant." Dkt. # 15 at 5-9. On the signature page of her form, there are spaces for two claimants; only Ms. Duncan printed and signed those spaces. *Id.* at 9. These facts are undisputed. Ms. Dold may well have believed that she did not need to complete the

form. Dkt. # 18. But as explained above, she, as a personal representative of the Estate, is a plaintiff in this matter, and prospective plaintiffs must complete a claim form as a condition precedent to suing a county. RCW 4.96.010. Reasonable as Ms. Dold's subjective beliefs may have been, RCW 4.96 makes no allowance for them.

What is more, for their approach—that one claimant, through the doctrine of "substantial compliance," may compensate for another claimant's total noncompliance—Plaintiffs cite no case law or authority. Similarly, the Court on its own search has found none.

Their foundational premise rejected, Plaintiffs' remaining arguments then miss the mark entirely. The issue is not whether Ms. Duncan's claim for damages is *adequate*. The issue is whether Ms. Dold's claim for damages *exists at all*. The Court concludes that it does not. Therefore, all of Plaintiffs' arguments about the adequacy of Ms. Duncan's claims are irrelevant. For example, Plaintiffs claim that RCW 4.96.020 does not require a claim form to be signed by a personal representative of a deceased person and thus Ms. Duncan's failure to list Ms. Dold should not count against Plaintiffs. Dkt. # 16 at 8-13. True, RCW 4.96.020 does not require a claimant to identify a personal representative, and Ms. Duncan was not required to identify Ms. Dold in her claim form. But that is of no moment. Ms. Duncan's form may well be satisfactory in all respects. Still, proving that Ms. Duncan's claim form fully—or even substantially—complies with RCW 4.96.020 does not spring Ms. Dold's claim form into existence.

Finally, even if the Court were to accept the premises that Ms. Duncan's claim form included Ms. Dold, and that the Court should apply the "substantial compliance" doctrine to that claim form, the Court would reach the same conclusion. Ms. Dold's hypothetical claim form would not have "substantially complied" with the statute. Substantial compliance requires two things: (1) that the claimant made a "bona fide attempt to comply with the law" and (2) that the notice filed "must actually accomplish its purpose." *Renner v. City of Marysville*, 230 P.3d 569, 571 (Wash. 2010) (quoting

*Brigham v. City of Seattle*, 210 P.2d 144 (Wash. 1949)).

Here, the substantial compliance doctrine would not apply because Plaintiffs would fail the first step. Even if the parties intended for Ms. Dold to be on Ms. Duncan's claim form as a claimant for the Estate, Ms. Dold would not have made a "bona fide" attempt to comply with the statute. One of RCW 4.96.020's most basic requirements is that a claim form include "[t]he claimant's name, date of birth, and contact information." RCW 4.96.020(3)(a)(i). Yet the claim form does not list Ms. Dold or the Estate anywhere as a claimant. Dkt. # 15 at 5-9. The form only identifies Ms. Duncan as the claimant, and the form is written in her first-person perspective. *Id.* There is no hint that the form is meant to cover more than one claimant. The only clue that the form intended to include Ms. Dold (and thereby the Estate) is a declaration submitted by Ms. Dold, on summary judgment, a year after the form was completed. Dkt. # 18.

This would hardly be a bona fide attempt to comply with the statute. It would permit a claimant to sidestep the statute completely by supplying a "condition precedent" a year after the condition was required, defeating the statute's purpose of "allow[ing] government entities time to investigate, evaluate, and settle claims." *Medina v. Pub. Util. Dist. No. 1 of Benton Cty.*, 53 P.3d 993, 997 (Wash. 2002) ("[W]e must apply the Legislature's liberal construction directive in a manner that promotes the purpose of the claim filing statutes."). The government could not have investigated claims from hidden claimants.

In sum, the Court concludes that Ms. Dold did not submit a claim form and that her tort claims against the County must be dismissed. Further, even if the Court accepted that Ms. Duncan's claim form included Ms. Dold, the substantial compliance doctrine would not apply because Ms. Dold did not make a bona fide attempt to comply with RCW 4.96.020, for she is not identified as a claimant at all on the form.

**B. Standing**

Though they concede that Ms. Duncan filed a claim form, Moving Defendants

argue that her form is insufficient. Dkt. # 13 at 6, 9-12. In any event, they argue that she has no standing to assert a wrongful death claim because she is not the personal representative of the Estate. *Id.* The Court addresses each argument in turn.

First, the Court holds that Ms. Duncan's claim form complies with RCW 4.96.020. Her claim form substantially, if not fully, complies with the statute's requirements. Dkt. # 15 at 5-9; RCW 4.96.020(3) (listing requirements). Ms. Duncan has therefore met RCW 4.96.010's condition precedent to sue the County.

Moving Defendants argue that the claim form is insufficient because it did not put the County on notice of Ms. Duncan's wrongful death claim. Dkt. # 13 at 6-10. According to Moving Defendants, the only claim apparent from Ms. Duncan's form is her "federal claim for the loss of the parental relationship with Mr. Dold," not a wrongful death claim. *Id.* at 10. The claim form, they say, "is couched in language which makes it clear she is not asserting a claim beyond a loss of the parent-child relationship." *Id.* at 8.

The Court is not persuaded. The claim form does not identify a legal claim one way or another. Dkt. # 15. It is therefore not clear that the scope of the claim form is as limited as Moving Defendants say. And, perhaps more importantly, RCW 4.96.020 does not require a claimant to identify a legal claim at all. At most, it requires a claimant to describe "the conduct and the circumstances that brought about the injury or damage" and to describe "the injury or damage" itself. RCW 4.96.020(3)(a)(ii)-(iii). Ms. Duncan did just that. Dkt. # 15 at 6, 7. Under the statute, Ms. Duncan did not need to identify her legal claims in her form in the first place, and the Court will not impose an additional requirement that is not in the statute.

Second, although Ms. Duncan's claim form is adequate, she lacks standing to bring a wrongful death claim. "In Washington, wrongful death actions are strictly creatures of statute." *Atchison v. Great W. Malting Co.*, 166 P.3d 662, 664 (Wash. 2007). RCW 4.20.010, the statute creating a wrongful death action, states that "[w]hen the death of a person is caused by the wrongful act, neglect, or default of another person, *his or her*

*personal representative* may maintain an action against the person causing the death." RCW 4.20.010(1) (emphasis added). "Washington courts have consistently read this statute to mean that *only* a personal representative may bring an action for wrongful death." *Atchison*, 166 P.3d at 664 (emphasis in original); *Huntington v. Samaritan Hosp.*, 680 P.2d 58, 60 (Wash. 1984) (collecting cases). Here, because Ms. Duncan is not the personal representative of the Estate, she has no standing to assert a wrongful death claim against the County or the individual Defendants. Thus, although her claim form is adequate under RCW 4.96.010, she lacks standing to bring a wrongful death claim under RCW 4.20.010.

In all, on Moving Defendants' motion for partial summary judgment, the Court holds as follows: Ms. Dold failed to file a claim form under RCW 4.96.010, and her state law claims against the County are dismissed with prejudice. Ms. Duncan submitted an adequate claim form under RCW 4.96.010, but her wrongful death claim fails for a lack of standing. The Court expresses no opinion on Plaintiffs' federal claims or Ms. Dold's wrongful death claim against the individual Defendants or Ms. Duncan's negligent retention claim against the County.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Moving Defendants' Motion for Partial Summary Judgment as to the State Law Claims. Dkt. # 13.

DATED this 13th day of October, 2021.

The Honorable Richard A. Jones
United States District Judge