HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Jennifer Dold *et al.*,

    Plaintiffs,

    v.

Snohomish County *et al.*,

    Defendants.

Case No.  2:20-cv-00383-RAJ

ORDER GRANTING LEAVE TO AMEND

This matter comes before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint.  Dkt. # 42.

Through this motion, Plaintiffs seek to amend their complaint to add another cause of action, "an additional §1983 claim for violation of Alexander Dold's Fourth Amendment right to refuse to consent to a warrantless entry into his home." *Id.* at 2. Defendants Cody McCoy and Bryson McGee (together, "Individual Defendants") oppose the motion.  Dkt. # 43.

Under Federal Rule of Civil Procedure 15, if the time for amendment as a matter of right has passed, a party may amend its pleading with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Courts "should freely give leave when justice so requires."  *Id.*  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the

ORDER – 1

pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Against this extremely liberal standard, courts may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs*, 833 F.2d at 187.

Individual Defendants oppose leave to amend for two reasons. Dkt. # 43. First, they say that Plaintiffs' request is untimely. Second, they say that, should the Court grant leave to amend, they will suffer undue prejudice.

To start, Individual Defendants do not address the other two factors—bad faith and futility. The Court finds nothing in the record suggesting that Plaintiffs' motion is brought in bad faith or that Plaintiffs' new § 1983 claim is obviously deficient. Therefore, these two factors favor amendment.

On timeliness, Individual Defendants' first argument is simply false. Individual Defendants correctly note that the deadline to move for leave to amend was October 27, 2021. Dkt. # 43 at 1. Curiously, however, they argue that Plaintiffs' motion was filed on November 4, 2021, and was thus late. *Id.* But that is not true. Plaintiffs filed their motion the day it was due, on October 27, 2021. Dkt. # 42. Thus, Plaintiffs' motion was timely, and another one of the four factors—absence of undue delay—weighs in favor of

ORDER – 2

amendment.

Finally, Individual Defendants' prejudice argument fails. According to Individual Defendants, the addition of a new claim would require them to conduct new, unexpected discovery. Dkt. # 43 at 2. For example, they posit, they may need to obtain additional "opinions by expert witnesses" to defend against the new claim. *Id.*

This is but speculation. Individual Defendants do not explain what new discovery they would need to conduct. And the Court finds their speculation doubtful. Plaintiffs' proposed amendment "contains no new factual assertions. Dkt. # 42 at 2. Rather, Plaintiffs' new § 1983 claim rests on the same factual allegations that they have asserted all along. Id. at 2-3 (citing paragraphs 62 to 76 of the originally-filed complaint). This undermines Individual Defendants' claim of undue prejudice. *Garden v. Cty. of Los Angeles*, No. 2:19-cv-01529-CJC-MAA, 2020 WL 5210954, at *3 (C.D. Cal. May 27, 2020) (finding no undue prejudice when proposed new claims were "based on identical facts as those asserted in the original complaint"); *see also Johnson v. Serenity Transportation, Inc.*, No. 3:15-cv-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) ("Mere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend." (citing *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)).

In all, Individual Defendants have failed to overcome the presumption in favor of granting leave to amend. Given the extremely liberal nature of Rule 15, the Court **GRANTS** Plaintiffs' motion for leave to amend. Dkt. # 42. **Within 14 days of this Order**, Plaintiffs must file the proposed amended complaint attached to their motion.

DATED this 28th day of December, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3