The Honorable John H. Chun

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JENNIFER DOLD, personal representative of the estate of Alexander Dold; and KATHY DUNCAN, mother of Alexander Dold,

Plaintiffs,

v.

SNOHOMISH COUNTY, a political subdivision of the State of Washington; BRYSON MCGEE; and CODY MCCOY,

Defendants.

No. 2:20-cv-00383-JHC

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM

## I.  INTRODUCTION

In one of three separate summary judgment filings Plaintiffs seek summary dismissal on color of law and causation. Defendants' do not deny they acted under color of law. As to causation, however, Plaintiffs' arguments are predicated on misleading claims that Defendants' experts "concede" that the Deputies were the cause-in-fact of Alexander Dold's death. Plaintiffs ignore relevant legal standards for causation and rely solely on testimony twisted to fit the narrative of Plaintiffs' hypotheticals. Plaintiffs' entire motion in Docket 61 skips over fundamental issues of fact that must go to a jury. There is no mention of the reality that the <u>only</u> reason a twelve-minute struggle occurred was precisely because Alexander Dold refused to stop physically resisting the Deputies' lawful attempt at arrest.

DEF'S RESPONSE TO PLT'S MOTION FOR PARTIAL SJ ON THE CAUSATION & COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM- 1
2:20-cv-00383-JHC
1285-00008/575944

Keating, Bucklin & McCormack, Inc., P.S.
Attorneys at Law
801 Second Avenue, Suite 1210
Seattle, Washington 98104
Phone: (206) 623-8861
Fax: (206) 223-9423

Plaintiffs' motion should be denied.

## II.     RELIEF REQUESTED

Deputies McGee and McCoy respectfully request the Court deny Plaintiffs' motion on causation.

## III.     LEGAL STANDARD

The Court shall grant a motion for summary judgment if the moving party shows that there is no genuine dispute as to any issue of material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary dismissal "bears the initial responsibility of informing the […] court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Upon satisfaction of its burden, the moving party is entitled to summary judgment if the nonmoving party fails to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). The court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in the nonmoving party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51, 120 S. Ct. 2097 (2000). If the moving party carries its burden, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1996).

## IV.     AUTHORITY AND ARGUMENT

Under Section 1983, the Plaintiffs must demonstrate that the defendant's conduct was the actionable cause of the claimed injury. *Spencer v. Peters*, 857 F.3d 789, 800 (9th Cir.2017). To meet this causation requirement, the plaintiff must establish both cause-in-fact and proximate causation. *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir.2008). A defendant's conduct is the cause-in-fact (actual cause) of a plaintiff's injury if the injury would not have occurred "but-for" the conduct of the defendant. *White v.*

DEF'S RESPONSE TO PLT'S MOTION FOR PARTIAL
SJ ON THE CAUSATION & COLOR OF LAW
ELEMENTS OF THEIR FOURTH AMENDMENT
EXCESSIVE FORCE CLAIM- 2
2:20-cv-00383-JHC
1285-00008/575944

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Roper*, 901 F.2d 1501, 1505 (9th Cir.1990).

Proximate cause means "that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir.2017). State law is instructive on proximate cause, which is typically a question most appropriate for the jury venire. *See*, *Meyers v. Ferndale Sch. Dist.*, 197 Wn.2d 281, 289, 481 P.3d 1084, 1089 (2021) (proximate cause is generally a fact question for the jury, which may be determined as a matter of law if reasonable minds could not differ). *See also, Est. of Bordon ex rel. Anderson v. State, Dep't of Corr.*, 122 Wn. App. 227, 239, 95 P.3d 764, 770 (2004) ("[b]ut proximate cause may be a question of law for the court if the facts are undisputed, the inferences are plain and inescapable, and reasonable minds could not differ.").

Here, reasonable minds can (and do) differ as to the cause of Alexander Dold's death.

### A. Defendants Never Conceded That the Deputies Caused Dold's Death.

Plaintiffs' motion for summary judgment on causation baldly states: "The defendants have conceded that the deputies' physical struggle with Alexander Dold while trying to take him into custody was the cause-in-fact of Dold's death." *Dkt. 61*, p. 4:1-2. Defendants have never conceded to being the cause-in-fact of Dold's death. In actuality, the Deputies' motion for summary judgment expressly addressed issues of fact as related to Plaintiffs' expert opinions. *See*, *Dkt. 67*, p. 8:13 – 9:22 (demonstrating through the factual record that the combined weight of the Deputies was not and could not have been a factor in Dold's death).

The entire recitation of facts as pertaining to the struggle between the Deputies and Dold in Docket 67 serves to illustrate that it was Dold who violently and physically resisted lawful arrest; and the physical exertion he instigated was the cause-in-fact of resulting heart failure. *See*, *Id.,* p. 6:11-14 ("Dold was able to throw the deputies off of him and get to his

DEF'S RESPONSE TO PLT'S MOTION FOR PARTIAL
SJ ON THE CAUSATION & COLOR OF LAW
ELEMENTS OF THEIR FOURTH AMENDMENT
EXCESSIVE FORCE CLAIM- 3
2:20-cv-00383-JHC
1285-00008/575944

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

feet. He then charged Deputy McGee and punched him several more times. As the fight went on for over two minutes Deputy McGee was able to radio 'send us some help,' requesting nearby officers to respond to the scene as quickly as possible."); *see also*, *Id*. at 6:14-21 ("Deputy McGee could feel Dold grabbing his holstered gun, and Dold was punching Deputy McGee in the body…Dold was able to drag Deputy McGee to the front door of the residence."); *see further*, *Id*. at p. 6:25 - 7:1 ("Dold regained consciousness and started fighting again. Deputy McCoy got one had cuffed, but Dold was able to resist efforts to get his other hand under control as the deputies wrestled with him on the front porch."). This whole physical exercise was the direct result of Dold's violent and prolonged resistance to arrest. Plaintiffs' further attempts to mischaracterize the opinions of Defendants' medical experts in their recent motion, do not create any "concessions" that the Deputies were at fault. Defendants vehemently deny as much.

**B.     Dold's Violent and Physical Resistance Does Not Make the Deputies the Cause-In-Fact of His Death.**

In their motion Plaintiffs state "the more a person struggles, the more the body's acidosis increases in a kind of downward spiral." *Dkt. 61*, p. 6:14-16. This recitation of Defense Expert Dawes' medical opinion only serves to establish that it was Dold's unlawful resistance to a lawful arrest that led to his physiological acidic increase. There is no concession therein that the Deputies somehow caused this. Neither the Deputies nor Defendant's experts have conceded this. In fact, a plain reading of Plaintiffs' own motion illustrates that the opposite is true. *See*, *Id*. at p. 7:1-2 ("Dr. Dawes agreed that this is what happened; <u>the more Dold struggled with the police, the worse his acidosis got and eventually his heart stopped because of it</u>."); *see also*, *Id*. at p. 6:14-15 ("the more a person struggles, the more the body's acidosis increases in a kind of downward spiral."). The person who: 1) instigated; and 2) maintained the unlawful struggle, was Dold. But-for Dold's resistance and prolonged struggle with the Deputies, his heart likely would not have stopped. Plaintiffs' arguments and misrepresentations are not well taken.

DEF'S RESPONSE TO PLT'S MOTION FOR PARTIAL
SJ ON THE CAUSATION & COLOR OF LAW
ELEMENTS OF THEIR FOURTH AMENDMENT
EXCESSIVE FORCE CLAIM- 4
2:20-cv-00383-JHC
1285-00008/575944

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

### C. Plaintiffs Misconstrue Expert Testimony.

First, it is typically the province of the jury to decide both cause-in-fact and proximate cause. That Plaintiffs attempt to escape these principles under the facts of this case and pass causation off as a matter of law on summary judgment, is problematic. This is particularly true when one considers the basis Plaintiffs rely on for doing so.

Plaintiffs' argument with respect to causation is predicated *entirely* upon responses to hypothetical questions posed during depositions. These "gotcha" techniques should not pass muster with the Court. Plaintiffs' then rest on conclusory material misrepresentations such as, "[i]n sum, all the defense experts agree that the police officers were the cause-in-fact of Dold's death…it was the violent struggle to handcuff that killed him." *Dkt. 61*, p. 8:717-18. The violent struggle was the affirmative action of Alexander Dold, cause-in-fact does not stem from the Deputies' lawful attempt to reactively subdue him.

Plaintiffs' motion is void of material fact. Any alleged "agreement" among the experts that the cause of Dold's death can be attributed to the Deputies (rather than Dold's physiological response to his own resistance), misstates testimony. Plaintiffs' motion is replete with examples of conclusions gleaned from purely theoretical probing. *See, e.g.*, *Dkt. 61*, p. 7:11-20: "Finally, Dr. Dawes opined that Dold would not have died that night if the deputies had never contacted him and there had never been any struggle":

> Q.…Why don't you assume that the officers never went to the house, never contacted Mr. Dold and so there was never any confrontation…do you not agree with me…that he would not have died?
>
> A: I would say that's probably the case.
>
> Q: Okay, Now, lets assume that they went to the house…but there was never any physical fight. Let's assume that they said 'We'd like to take you to the mental hospital in the next town,' and they did and there was never any physical fight. You assume that he probably wouldn't have died; right?
>
> I would agree with that.

DEF'S RESPONSE TO PLT'S MOTION FOR PARTIAL
SJ ON THE CAUSATION & COLOR OF LAW
ELEMENTS OF THEIR FOURTH AMENDMENT
EXCESSIVE FORCE CLAIM- 5
2:20-cv-00383-JHC
1285-00008/575944

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Clearly, if Alexander Dold did not resist a lawful arrest by instigating a violent and lengthy struggle with two Deputies (before back-up arrived to relieve the exhausted Deputies), there likely would have been no injury. Said another way, "but for" Alexander Dold's violent unlawful resistance, he would not have died. Similarly, "but for" Alexander Dold physically assaulting his mother, the police would never have been called to the Duncan's home in the first place. Defendants dare not attempt to pass such speculative arguments to the Court thinly veiled as matters of law. Plaintiffs, however, attempt to misconstrue the scientific basis underlying Defense experts' opinions by conflating them with sheer hypotheticals. Plaintiffs' motion should be denied.

### D. The Eggshell Plaintiff Rule Cannot Escape Proving Causation.

Entertaining Plaintiffs' eggshell doctrine argument necessarily assumes that Plaintiffs' have proven causation. Again, Plaintiffs' rest their entire causation argument in Docket 61 upon answers to propounded hypotheticals akin to "now suppose X did or didn't happen." The "eggshell plaintiff" rule simply means that a tortfeasor takes his victim as he finds him, and "applies in cases in which the *cause* and effect of the injury are physical." *Pierce v. Southern Pacific Transp. Co.*, 823 F.2d 1366, 1372 n.2 (9th Cir.1987) (emphasis added). *See*, *Lindemann v. Toyota Motor Corp.*, 184 Wn. App. 1060 (2014) (unpublished opinion) (this rule comes into play when plaintiff *proves* that the defendant is liable for wrongful conduct and has caused at least some injury to the defendant) (emphasis added). Whether Dold was an eggshell plaintiff rests entirely on Plaintiffs' ability to prove causation. Only then does the eggshell plaintiff doctrine apply. This doctrine is more properly suited for a motion in limine or jury instruction, not summary judgment.

### V. CONCLUSION

Based on the foregoing, Defendant Deputies McGee and McCoy respectfully request Plaintiffs' motion for summary judgment on causation be denied.

DEF'S RESPONSE TO PLT'S MOTION FOR PARTIAL
SJ ON THE CAUSATION & COLOR OF LAW
ELEMENTS OF THEIR FOURTH AMENDMENT
EXCESSIVE FORCE CLAIM- 6
2:20-cv-00383-JHC
1285-00008/575944

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

DATED: April 11, 2022

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: /s/ Sean M. Dwyer
    Sean M. Dwyer, WSBA #57281
*Attorney for Defendants Cody McCoy and Bryson McGee*

801 Second Avenue, Suite 1210
Seattle, WA 98104
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: rjolley@kbmlawyers.com

DEF'S RESPONSE TO PLT'S MOTION FOR PARTIAL SJ ON THE CAUSATION & COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM- 7
2:20-cv-00383-JHC
1285-00008/575944

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Attorneys for Plaintiffs | Attorneys for Defendant Snohomish County |
|---|---|
| James E. Lobsenz, WSBA #8787<br>CARNEY BADLEY SPELLMAN PS<br>701 Fifth Avenue, Suite 3600<br>Seattle, WA 98104<br>Phone: 206-622-8020<br>Email: lobsenz@carneylaw.com<br>groth@carneylaw.com | Ted Buck, WSBA #22029<br>Delaney DiGiovanni, WSBA #56851<br>Nick Gross, WSBA #48236<br>FREY BUCK P.S.<br>1200 5th Avenue, Suite 19<br>Seattle, WA 98101<br>Email: tbuck@freybuck.com<br>ngross@freybuck.com<br>ddigiovanni@freybuck.com<br>dfalkowski@freybuck.com<br>ebariault@freybuck.com<br>sjohnson@freybuck.com |

DATED: April 11, 2022

*/s/ Sean M. Dwyer*
Sean M. Dwyer, WSBA #57281
*Attorney for Defendants Cody McCoy and Bryson McGee*

DEF'S RESPONSE TO PLT'S MOTION FOR PARTIAL SJ ON THE CAUSATION & COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM- 8
2:20-cv-00383-JHC
1285-00008/575944

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423