Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JENNIFER DOLD, personal representative of the estate of Alexander Dold; and KATHY DUNCAN,<br><br>Plaintiffs,<br><br>v.<br><br>SNOHOMISH COUNTY, a political subdivision of the State of Washington; BRYSON McGEE; and CODY McCOY,<br><br>Defendants. | NO. 2:20-cv-00383-JHC<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM |

## I. INTRODUCTION

The Deputy Defendants have drastically shifted the ground of their contention that they were not a but-for cause of Alexander Dold's death. They assembled a host of expert witnesses to argue that the real cause of Dold's death was his defective heart which was moderately enlarged. But confronted with the case law that definitively establishes the principle that it doesn't matter whether or not Dold was an "eggshell" plaintiff who was unusually vulnerable to sudden cardiac arrest, the Defendants have abandoned this causation argument altogether. Now they have a new causation argument which is equally insupportable. They contend that Dold's death is all his own fault because he resisted arrest. If he had not done so, they would not have had to tase him six times, choke him for several minutes, punch and kick him, and

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM – 1
(2:20-cv-00383-JHC)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DOL013-0001 6890984

restrain him in a prone position with weight on his back. They now contend that Dold "made them do it" and therefore Dold cannot establish that their use of force was a but-for cause of his death. There is no support in the law for their attempt to avoid the obvious truth – which their own experts acknowledged – if you take out their physical struggle with Dold, "he doesn't die."[1] Since there is no material disputed fact bearing on causation[2] to be tried, this Court should rule that this element (and the color of law element) has been established as a matter of law.

## II.    ARGUMENT IN REPLY

**A.    The Defendant Deputies assert that law enforcement officers can never be liable for causing the death of a person who resisted being taken into custody. They cite no law in support of this proposition and there is none. Officers do not have a free pass to kill people just because they are resisting.**

Defendants contend that Dold's own conduct is the cause-in-fact of his own death because he resisted arrest. If only he had not resisted arrest, it would not have been necessary to use force against him and he would not have died. Thus, the Deputies argue that it's all Alexander Dold's own fault. He has only himself to blame for his death.

No on point authority is cited in support of this absurd argument.[3] If it were accepted, no law enforcement officer could ever be held liable for use of excessive force in a §1983 action

---

[1] Dkt. #62, at 27:19 (Dawes). "[H]ad he not been involved in any struggle . . . that night . . . he probably wouldn't have died." *Id.* at 62:13-19 (Vilke).

[2] The fact that if there are disputes as to whether Dold would have died if one component of the struggle – say the chokehold or the taser – was removed does not change the fact that it is undisputed that it was the physical struggle that killed him

[3] The Defendants cite cases having to do with 1983 suits against a police officer for fabrication of evidence (*Spencer v. Peters*, 857 F.3d 789 (9th Cir. 2017), and against district attorneys for conducting improper and negligent investigations and against police for filing false police reports (*Harper v. City of Los Angeles*, 533 F.3d 1010 (9th Cir. 2008). In both cases the Ninth Circuit *upheld* jury verdict's finding that the defendant's actions *were* the cause in fact of the plaintiff's injury. In *White v. Roper*, 901 F.2d 1501 (9th Cir. 1990), a jail inmate sued a correctional officer who directed him to enter a cell occupied by another inmate who had a history of violence against inmates. The plaintiff refused to enter the cell and correctional officer Roper then told other deputies to forcibly put him in that cell. The plaintiff was then injured by the other deputies who followed Roper's orders. The Court reversed a summary judgment in defendant Roper's favor and remanded for trial because it was for the
*(Footnote continued next page)*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM – 2
(2:20-cv-00383-JHC)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DOL013-0001 6890984

so long as the defendant resisted arrest. Thus, if a person resisted arrest by pulling himself free from the arresting officer's grasp and started to run away, the officer could simply shoot him dead because the shooting never would have happened if the person hadn't resisted arrest. And yet there are scores of cases where police officers used deadly force, killed a person, and were found liable in a 1983 action for using excessive force even though the decedent strenuously resisted arrest or attempted to escape.[4]

Some people who resist arrest *survive* their arrests, are charged and *convicted* of resisting arrest, and then later bring 1983 suits alleging use of excessive force in violation of the Fourth Amendment. Courts hold that their *convictions* for resisting arrest do not bar *them* from bringing excessive force actions. *Martinez v. City of Albuquerque,* 184 F.3d 1123, 1127 n.2 (10th Cir. 1999); *Nelson v. Jashurek,* 109 F.3d 142, 145-46 (3d Cir. 1997); *Smith v. City of Hemet,* 394 F.3d 689, (9th Cir. 2005). Since he was killed, Alexander Dold was never convicted of anything, and yet the Deputy Defendants contend that his estate cannot succeed on its excessive force claim because it cannot prove causation.

The Deputies assert that Alexander Dold started the physical struggle by punching Deputy McGee. They conveniently simply ignore the fact that this is a sharply disputed point and that Kathy Duncan, the only witness (besides the Deputies) who witnessed what happened has testified that that never happened.[5] But for the moment, assume, arguendo, that it did happen. According to the deputies, since that punch started the fight, after that punch was thrown it would not matter how much force they used, they could never be liable for his death.

---

jury to say whether Roper, by ordering others to use force against White, caused the injury that White suffered. In the present case, no one contends that either Defendant McGee or McCoy ordered someone else to tase or apply a chokehold to Dold. It is undisputed that they did these things.

[4] Similarly, in *Garner v. Tennessee*, 471 U.S. 1 (1985), the shooting "never would have happened" if instead of fleeing and trying to escape Garner had simply stayed put and allowed himself to be arrested. And yet the Court found Tennessee's statute allowing an officer to use deadly force to arrest a fleeing felon was unconstitutional as applied and held Garner's estate could hold the shooting officer liable.

[5] Duncan, at 135:1-19, Dkt. #74, at 76.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM – 3
(2:20-cv-00383-JHC)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DOL013-0001 6890984

1 According to their view of causation, after that one punch, they could each have shot him five times with their guns, and they still could not be held liable for use of excessive force because if Dold had never punched McGee they never would have shot him, and he'd be alive today.

The central flaw in the Deputies' argument is their failure to recognize that comparative fault or contributory negligence principles simply do not apply in §1983 actions. *See Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979); *Jones v. County of San Bernardino,* 2016 WL 4425711 (C.D. Cal.) at *16; *Logan v. City of Pullman Police Department,* 2006 WL 994759, at *2 (E.D. Wash.). It would be different if the Plaintiffs had brought a common law negligence action against the deputies such as the claim brought in *Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537, 442 P.3d 608 (2019) or *Watness v. City of Seattle*, 16 Wn. App.2d 297, 481 P.3d 570 (2021). In a trial on *that* type of negligence claim, principles of comparative fault and contributory negligence *would* apply. In some cases, such as *Clappier*, both 1983 claims and state law negligence claims are brought, and when that happens the trial court must carefully explain to the jury that comparative fault does apply to the negligence claim but does *not* apply to the 1983 claim. Thus, while the defendant deputies are free to argue that the Plaintiffs' recovery on their wrongful death actions against them should be reduced by the amount of comparative fault that the jury assigns to Alexander Dold, they cannot make that argument with respect to the §1983 claim for use of excessive force in violation of the Fourth Amendment.

The ultimate absurdity of the argument advanced by the deputy Defendants is well illustrated by the existence of §1983 actions against county officers for failing to prevent the decedent from committing suicide inside a government run facility. *See, e.g., Clouthier v. County of Contra Costa,* 591 F.3d 1232 (9th Cir. 2010); *Belbachir v. County of McHenry,* 726 F.3d 975 (7th Cir. 2013). Obviously when an incarcerated person commits suicide in his cell, he is a but-for cause of his own death. But if the correctional officers unreasonably fail to protect him against himself, they can still be held liable for his death in a §1983 action. They

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM – 4
(2:20-cv-00383-JHC)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DOL013-0001 6890984

cannot escape liability by arguing that his estate cannot establish causation. They cannot argue, "Well don't blame us, he killed himself, so we are not the cause in fact of his death" because they have a constitutional obligation not to unreasonably ignore a foreseeable risk of suicide.

The suicide cases illustrate the well-known principle that "often events have multiple but-for causes." *Bostock v. Clayton County*, 140 S.Ct. 1731, 1739, 207 L.Ed.2d 218 (2020). But just because a defendant can point to one but-for cause that he is not responsible for, that does not mean he can escape liability if his action is another but-for cause. See, e.g., *Bostock*, at 1739 (plaintiff dies in car collision in which defendant runs a red light and plaintiff fails to signal his turn at the intersection; though the defendant is not the but-for cause of the plaintiff's own negligence in failing to signal, the defendant is still liable because his running of the red light was also a but-for cause).

Many people resist arrest. The fact that their injuries might have been fewer or less serious (or even non-existent) if they had not resisted does not give the police the right to kill them with the use of objectively unreasonable force. Thus, even if it were undisputed that Alexander Dold started the struggle off by throwing a punch (and that is *very* disputed), that is not a material fact that bears upon the element of but-for causation. It does bear on the element of whether the amount of force used was objectively unreasonable, but Plaintiffs do not seek partial summary judgment on that element of their *Graham* claim.[6]

---

[6] It should also be noted that under Washington law, a person being arrested *has the legal right t to resist arrest* if the officer is using force against him that threatens him with serious bodily injury or death. *See State v. Valentine,* 132 Wn.2d 1, 935 P.2d 1294 (1997) and *State v. Bradley*, 141 Wn.2d 731, 10 P.3d 358 (2000). Under those circumstances, no crime of resisting arrest is committed at all. In this case, not surprisingly, a man who already had the experience of having his high school friend shot and killed by police (Dkt. #62, at 76-78), and who was a paranoid schizophrenic and "off his meds" was afraid that the deputies were going to kill him – and they did! In this instance, a jury could easily conclude that it was *the deputies who committed a crime* (assaulting Dold with deadly force and manslaughter), not Alexander Dold. But again, this issue goes to the element of whether the force the deputies used was excessive, not to the element of but-for causation.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM – 5
(2:20-cv-00383-JHC)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DOL013-0001 6890984

### III. CONCLUSION

The deputy defendants have made no meaningful response to the Plaintiffs' motion for partial summary judgment on the elements of causation and acting under color of law. Accordingly, Plaintiffs ask this Court to grant their motion.

DATED this 13th day of April, 2022.

            *s/ James E. Lobsenz*
            James E. Lobsenz WSBA #8787
            Randy J. Johnson WSBA #50129
            Attorneys for Plaintiffs
            CARNEY BADLEY SPELLMAN, P.S.
            701 Fifth Avenue, Suite 3600
            Seattle, WA 98104
            Phone: (206) 622-8020
            lobsenz@carneylaw.com

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM – 6
(2:20-cv-00383-JHC)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DOL013-0001 6890984

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2022, I electronically filed the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendant Snohomish County**
Ted Buck — tbuck@freybuck.com
Delaney DiGiovanni — ddigiovanni@freybuck.com
Nick Gross — ngross@freybuck.com
Evan Bariault — ebariault@freybuck.com

**Attorneys for Defendants Cody McCoy and Bryson McGee**
Shannon M. Ragonesi — sragonesi@kbmlawyers.com
Richard B. Jolley — rjolley@kbmlawyers.com
Sean M. Dwyer — sdwyer@kbmlawyers.com

DATED this 13th day of April, 2022.

       *s/ Deborah A. Groth*
       Legal Assistant

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAUSATION AND COLOR OF LAW ELEMENTS OF THEIR FOURTH AMENDMENT EXCESSIVE FORCE CLAIM – 7
(2:20-cv-00383-JHC)

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DOL013-0001 6890984