UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER DOLD, et al.,<br><br>                Plaintiff,<br><br>   v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>                Defendants. | CASE NO. 2:20-cv-00383-JHC<br><br>ORDER DENYING MOTION TO BIFURCATE CLAIMS |

      This matter comes before the court on Defendants Cody McCoy and Bryson McGee's motion to bifurcate claims ("Motion") (Dkt. # 70).  These Defendants (the "Individual Defendants") request that the Court bifurcate Plaintiffs' 42 U.S.C. § 1983 claims against them from Plaintiffs' *Monell*[1] and other state law claims against Defendant Snohomish County.  They argue that bifurcation will avoid jury confusion and prejudice against them and will promote judicial economy.  Plaintiffs oppose bifurcation (Dkt. # 89).  Being fully advised, the Court DENIES the motion without prejudice.

      The decision to bifurcate is committed to the sound discretion of the trial court. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).  Federal

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

ORDER DENYING MOTION TO BIFURCATE CLAIMS - 1

Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Where an overlap of factual issues exists between the claims, courts are reluctant to bifurcate the proceedings. *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994). Indeed, if the preliminary and separate trial of an issue would involve extensive proof and substantially the same facts or witnesses as the other issues in the cases, or if any economy in time and expense is wholly speculative, the motion should be denied. *See Datel Holdings LTD. v. Microsoft Corp.*, No. C-09-05535 EDL, 2010 WL 3910344, at *2–5 (N.D. Cal. Oct. 4, 2010).

Given the apparent substantial overlap of factual issues between the claims against the Individual Defendants and against Defendant Snohomish County, the Court is not inclined to bifurcate the claims. *See also Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1300–01 (11th Cir. 2001) (holding that the trial court did not abuse its discretion by denying a motion to bifurcate claims against a former city manager and a city despite defendant's argument that evidence for the claims against the city would be improperly used as propensity evidence in the claims against the defendant). Accordingly, the Court DENIES Defendants' Motion (Dkt. # 70) without prejudice, to be determined no later than at the pretrial conference.

Dated this 3rd day of May, 2022.

*John H. Chun*
John H. Chun
United States District Judge