UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER DOLD, ET AL., | CASE NO. 2:20-cv-00383-JHC |
| Plaintiffs, | ORDER |
| v. | |
| SNOHOMISH COUNTY, ET AL., | |
| Defendants. | |

## I.

### INTRODUCTION

This matter comes before the Court on Defendants Bryson McGee and Cody McCoy's "Motion for Clarification."  Dkt. # 72.  The Court construes this motion as a motion for summary judgment and GRANTS it.  The Court thus DISMISSES with prejudice Plaintiff Jennifer Dold's state law claims against the individual Defendants, Mr. McGee and Mr. McCoy.

## II.

### BACKGROUND

On March 21, 2017, Alexander Dold died following a struggle with several Snohomish County deputy sheriffs.  Nearly three years later, Plaintiffs Jennifer Dold and Kathy Duncan sued

Snohomish County and two individual deputies, Bryson McGee and Cody McCoy. *See generally* Dkt. # 1 (complaint). Ms. Dold is suing as the personal representative of Mr. Dold's estate; Ms. Duncan is suing in her individual capacity. The complaint alleges that the deputies' unlawful use of force resulted in Mr. Dold's death. *Id.* The complaint asserts both federal claims under 42 U.S.C. § 1983 and state law claims for wrongful death and negligent retention. *Id.* at 13–14.

In December 2020, the County and Mr. McGee moved for partial summary judgment on Plaintiffs' state law claims. *See* Dkt. # 13. They argued that Plaintiffs failed to comply with Washington law requiring that a potential plaintiff provide written notice to the governmental entity before filing a tort suit against it. In October 2021, the Court granted that motion in part and denied it in part. *See* Dkt. # 39. The Court concluded that Ms. Dold failed to provide pre-suit notice as required by the Revised Code of Washington (RCW) 4.96.010. *See id.* at 4 ("Because Ms. Dold did not file a claim form, she has failed to meet RCW 4.96.010's condition precedent."); *see also id.* at 3–7, 9. Thus, the Court held that Dold's "state law claims against *the County* are dismissed with prejudice." *Id.* at 9 (emphasis added). Importantly, the Court stated that it "expresses no opinion on . . . Ms. Dold's wrongful death claim against the *individual Defendants*." *Id.* (emphasis added). The Court also concluded that unlike Ms. Dold, Ms. Duncan satisfied the pre-suit notice requirements.[1] *Id.* at 8.

---

[1] In that same order, the Court also dismissed Ms. Duncan's wrongful death claim, *see* Dkt. # 39 at 7–9, because she lacks standing. *See Atchison v. Great W. Malting Co.*, 166 P.3d 662, 664 (Wash. 2007) ("Washington courts have consistently read this statute to mean that *only* a personal representative may bring an action for wrongful death."). This aspect of the Court's order is unimportant for purposes of the motion at issue.

1    In March 2022, the individual deputies filed the "Motion for Clarification" pending

2  before the Court.  Dkt. # 72.  In April 2022, this case was reassigned from the Honorable Richard

3  A. Jones to the undersigned judge.  *See generally* Dkt.

4                                                    **III.**

5                                            **DISCUSSION**

6          Washington state has waived sovereign immunity for claims against both the state and

7  the state's political subdivisions.  *See Silvernail v. Pierce Cty.*, 80 Wash.2d 173, 173–74, 492

8  P.2d 1024, 1024 (1972); *Daggs v. City of Seattle*, 110 Wash.2d 49, 52, 750 P.2d 626 (1988).

9  Under RCW 4.96.010, "[a]ll local governmental entities . . . shall be liable for damages arising

10  out of their tortious conduct . . . to the same extent as if they were a private person or

11  corporation."

12          "However, prospective plaintiffs must [first] file a tort claim with the local government at

13  least 60 days prior to filing a lawsuit."  *Renner v. City of Marysville*, 168 Wash.2d 540, 545, 230

14  P.3d 569 (2010).  Filing a "claim for damages" with the local government is a "condition

15  precedent" to any action under the statute.  RCW 4.96.010(1); *see also* RCW 4.96.020 (listing

16  requirements for pre-suit claim filing).  "The claim filing condition precedent serves the

17  important function of fostering inexpensive settlements of tort claims."  *Hintz v. Kitsap Cty.*, 92

18  Wash. App. 10, 13, 960 P.2d 946 (1998).  The purpose of this requirement is "'to allow

19  government entities time to investigate, evaluate, and settle claims' before they are sued."

20  *Renner*, 168 Wash.2d at 545 (quoting *Medina v. Pub. Util. Dist. No. 1*, 147 Wash.2d 303, 310,

21  53 P.3d 993 (2002)).  "A court must dismiss any action commenced in violation of a statutorily

22  mandated claim filing condition precedent."  *Westway Const., Inc. v. Benton Cty.*, 136 Wash.

23  App. 859, 867, 151 P.3d 1005 (2006).

24

ORDER - 3

The Court previously held that Ms. Dold did not file a claim form, and that Ms. Duncan's claim form could not excuse Ms. Dold's failure to file.  The Court stated:

> Though there are two plaintiffs, only one, Ms. Duncan, filed a claim form under RCW 4.96.010.  Dkt. # 15 ¶¶ 4-5, Ex. A.  *Ms. Dold, and hence the Estate, did not file a claim form*.  *Id.* ¶ 4.  Because Ms. Dold did not file a claim form, she has failed to meet RCW 4.96.010's condition precedent.

Dkt. # 39 at 4 (emphasis added).[2]  The Court therefore concluded that "Ms. Dold failed to file a claim form under RCW 4.96.010, and her state law claims against the County are dismissed with prejudice." *Id.* at 9.  But the Court "express[ed] no opinion on . . . Ms. Dold's wrongful death claim against the *individual Defendants*." *Id.* (emphasis added).

The individual Defendants now present a "Motion for Clarification." Dkt. # 72.  The motion recognizes that "[t]he Court expressed no opinion as to the remaining state law claims asserted against the Deputies in their individual capacities" and requests "clarification on that matter." *Id.* at 1.  The individual Defendants argue that the pre-suit notice statute expressly applies not only to claims brought against governmental units (like the County), but also to claims brought against individual agents of the government (like the individual deputies).  Therefore, they ask the Court to "dismiss all state law claims against Defendant Deputies as a matter of law, based on the Court's ruling in Docket 39." *Id.* at 2.

Plaintiffs respond that the motion is procedurally improper. Dkt. # 91.  First, they assert that the motion is no "motion for clarification" at all: There was no ambiguity in Judge Jones's prior order, which clearly dismissed Ms. Dold's state law claims against the County but expressed "no opinion" as to any state law claims against the individual deputies. *Id.* at 5–6.  Second, Plaintiffs assert that the motion functions as an untimely motion for reconsideration. *Id.*

---

[2] For purposes of this motion, the Court does not re-evaluate this conclusion reached by Judge Jones.  The Court takes as given that Ms. Dold failed to file a claim form and failed to otherwise satisfy the pre-suit filing requirements of RCW 4.96.010 and RCW 4.96.020.

Third, Plaintiffs argue that even if the Court considers the merits of the motion, the individual deputies have waived any affirmative defense based on the pre-suit filing provision through their dilatory conduct in litigation. *Id.* at 6–11. They do not, however, meaningfully contest that Washington's pre-suit filing requirements do, in fact, apply to claims brought against individual governmental defendants.

A.    Proper Characterization of the Motion and Legal Standard

The Court first considers the proper characterization of the motion. Though captioned as a "motion for clarification," the Court agrees with Plaintiffs that it is no such motion. The Court's previous order was as clear as day: The Court dismissed Ms. Dold's state law claims against the County, but "express[ed] no opinion on . . . Ms. Dold's wrongful death claim against the *individual Defendants*." *Id.* at 9 (emphasis added). Defendants cannot reasonably believe that this language requires "clarification."

But the Court disagrees with Plaintiffs that this motion serves as a motion for reconsideration. The prior order "express[ed] no opinion on" any state law claims against the individual Defendants. *See id.* at 9. The Court interprets Judge Jones's prior order as simply deferring consideration of that question. The current motion asks the Court to decide that deferred question; it does not ask the Court to reconsider a decision already made.

The Court construes the motion as a motion for partial summary judgment. *Cf. Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119 (9th Cir. 2005) (in a different context, looking to the substance of a motion, not its caption); *W. Sec. Bank v. Schneider Ltd. P'ship*, 816 F.3d 587 (9th Cir. 2016) (same). Defendants appear to agree. They state that the motion "would be most appropriately construed as a motion for summary judgment, seeking application of the Court's holding to the Deputies, as a matter of law. To that end, it was timely filed, and the issues are ripe to be decided in favor to the Deputies." Dkt. # 104 at 2. The motion asks the

1   Court to answer a pure question of law that it has not resolved before: Whether Ms. Dold's

2   failure to file pre-suit notice precludes her from pursuing claims against the individual

3   Defendants under Washington law.  This is precisely the type of inquiry that is commonly

4   addressed on a motion for summary judgment.  As Defendants note, the only meaningful

5   difference between the motion as written and a proper summary judgment motion is the lack of a

6   section entitled "Summary Judgment Legal Standard," a standard with which the Court is already

7   familiar.  Dkt. # 104 at 3.

8        Plaintiffs would not be prejudiced by construing the motion as a partial summary

9   judgment motion.  Plaintiffs have had sufficient opportunity to be heard.  In their response to this

10  motion, Plaintiffs do not address the merits of Defendants' argument.  Instead, Plaintiffs focus

11  exclusively on the procedural propriety of the motion and their argument that Defendants waived

12  the argument through dilatory litigation conduct.  *See generally* Dkt. # 91.  This suggests

13  agreement that Washington's pre-suit notice requirements apply equally to claims brought

14  against individual governmental defendants, too (as discussed below).  And this motion does not

15  depend on any factual determinations; it is a pure question of law.  Therefore, Plaintiffs have not

16  been deprived of an opportunity to present facts relevant to this motion.

17       Accordingly, the Court treats the motion as a motion for partial summary judgment.  A

18  court may grant summary judgment if the movant shows that "there is no genuine dispute as to

19  any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

20  56(a).  The evidence must be viewed in the light most favorable to the nonmoving party, and all

21  reasonable inferences therefore should be drawn in that party's favor.  *Anderson v. Liberty*

22  *Lobby, Inc.*, 477 U.S. 242, 255 (1986).

23

24

ORDER - 6

B.      Ms. Dold's State Law Claims Against Individual Defendants

The Court agrees with the individual Defendants: the plain meaning of Washington's pre-suit claim filing provision requires an individual to file a written claim before initiating any civil action, no matter if that action is brought against a governmental entity or against a government's individual agents and employees.  The applicable statute states:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, *or against any local governmental entity's officers, employees, or volunteers, acting in such capacity*, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof.

RCW 4.96.020(4)  (emphasis added)); *see also* RCW 4.96.020(1) (noting that this section of the code applies for "all local governmental entities and their *officers, employees, or volunteers, acting in such capacity*" (emphasis added)).

As Washington courts have explained, the Washington legislature amended the pre-suit filing provision in 2006 to ensure that the provision applies to claims brought against individual governmental defendants.  *See Wright v. Terrell*, 162 Wash. 2d 192, 195 n.1, 170 P.3d 570 (2007) ("In response to our decision in *Bosteder*, the legislature amended RCW 4.96.020 to provide that claims against individual government employees are subject to the claims filing statute."); *Strong v. Terrell*, 147 Wash. App. 376, 383 n.4, 195 P.3d 977 (2008) (same); *Hanson v. Carmona*, 16 Wash. App. 2d 834, 840–42, 491 P.3d 978, *review granted*, 198 Wash. 2d 1009, 495 P.3d 837 (2021) (collecting cases).  This statutory amendment applies to claims (like those at issue here) filed after June 7, 2006.  *Strong*, 147 Wash. App. at 383 n.4.  In their opposition brief, Plaintiffs do not contest that the pre-suit notice statute applies equally to claims brought against individual government defendants.

Accordingly, Ms. Dold needed to file notice before initiating any claim against the individual Defendants.  As the Court held in its prior order, Ms. Dold did not file a claim form.

And the three-year statute of limitations for her state law claims has long since run. *Huntington v. Samaritan Hosp.*, 101 Wash. 2d 466, 468, 680 P.2d 58 (1984) ("In general, a wrongful death action must be commenced within 3 years of the date of death."). Ms. Dold cannot now cure the deficiency in notice. Therefore, the Court must dismiss Ms. Dold's state law claims against the individual Defendants with prejudice. *See Westway Const.*, 136 Wash. App. at 867.

Notwithstanding this conclusion, Plaintiffs argue that the individual Defendants have waived their affirmative defense based on pre-suit notice deficiencies because of their "dilatory conduct" in pursuing this defense. Dkt. # 91 at 6–11. First, Plaintiffs observe that the individual Defendants brought this motion in March 2022, nearly two years after this action began and nearly six months after the Court issued its previous order on state law claims against the County. Second, they point out that the parties have engaged in extensive and costly discovery that could have been avoided if individual Defendants had filed this motion earlier in litigation.

Plaintiffs rely heavily on *King v. Snohomish Cnty.*, 146 Wash. 2d 420, 47 P.3d 563 (2002). In *King*, the defendant County moved to dismiss three days before trial after nearly four years of litigation. *Id.* at 425. The County argued in that motion that the plaintiff failed to satisfy the pre-suit notice statute. *Id.* at 423, 425. The Washington Supreme Court concluded that the County had waived its affirmative defense. *Id.* at 427. The Court observed that "a defendant may waive an affirmative defense if either (1) assertion of the defense is inconsistent with defendant's prior behavior or (2) the defendant has been dilatory in asserting the defense." *Id.* at 424 (citing *Lybbert v. Grant Cnty.*, 141 Wash.2d 29, 39, 1 P.3d 1124 (2000)). And while the Court concluded that the defendant was not dilatory because the defense had been raised in the defendant's answer, it concluded that the County's conduct was inconsistent with its affirmative defense. *Id.* at 424–25. In particular, the Court found that the County's affirmative defense—in which the County sought to dismiss the entire case on procedural grounds—was

inconsistent with the years of extensive and costly factual discovery engaged in by the parties, none of which concerned the affirmative defense.

The present case is distinguishable.  First, the conduct of the individual Defendants has *not* been inconsistent with its assertion of the affirmative defense.  The Court in *King* concluded that the County engaged in substantial discovery inconsistent with its last-minute attempt to raise an affirmative defense.  Here, while the parties have engaged in substantial fact discovery, such discovery is consistent with the individual Defendants' argument that Ms. Dold's state law claims are barred by the pre-suit notice statute.  This is because there remain several federal claims involving substantially the same conduct and case theory.  Plaintiffs assert several claims based on 42 U.S.C. § 1983 relating to the death of Mr. Dold.  While the § 1983 legal inquiry may differ in some respects from a state law wrongful death claim, the underlying factual questions— on the cause of Mr. Dold's death, the nature of the deputies' conduct, and the timeline of events—are substantially the same.  Thus, there is no inconsistency: Defendants could reasonably believe that Ms. Dold's state law claims are barred, while engaging in extensive fact discovery relating to the federal claims.

Second, Defendants have consistently asserted this defense throughout litigation.  The *King* defendant did not, for example, move for summary judgment on this ground (despite filing summary judgment motions on other grounds) or provide any indication (outside of its initial answer) suggesting an intent to rely on this defense.  By contrast, Defendants have consistently argued that Plaintiffs failed to comply with the pre-suit notice statute.  Two Defendants (the County and Mr. McGee) previously moved for partial summary judgment on the same theory relatively early in litigation, thereby putting Plaintiffs on notice.  Dkt. # 13.  And Defendants filed this motion on the same day as they filed their motion for complete summary judgment;

they did not wait until the eve of trial to make this argument, instead pressing this theory alongside their other legal theories.

Third, the purported delay is shorter than in *King.*  In *King,* the defendant listed the claim filing defense in its answer but then "did not raise claim filing again or seek dismissal on that basis until three days before trial, nearly four years after the Kings' complaint was filed."  146 Wash. 2d at 425.  By contrast, Defendants filed this motion about two years after the start of the action; and during a sizable portion of this two-year period, Defendants were presumably waiting for the Court's order on the previous motion.  Defendants filed the motion well before the scheduled trial date.

Accordingly, the Court concludes that the individual Defendants did not waive their affirmative defense based on Ms. Dold's failure to satisfy the pre-suit notice requirements.

C.     Ms. Duncan's Negligent Retention Claim

As a final note, Plaintiffs contend that Defendants' motion seeks dismissal of *Ms. Duncan's* negligent-retention claim.  The Court does not read Defendants' motion to request this relief.  While the motion is not completely clear about the precise relief sought, the motion is directed to claims brought by Ms. Dold; there is no legal argument of any kind about claims by Ms. Duncan.  This makes sense: In its previous order, the Court found that Ms. Duncan *did* comply with the pre-suit notice requirements.  So there would be no justification for summary judgment based on lack of pre-suit notice.  Nevertheless, to avoid any doubt, the Court emphasizes that this order in no way affects claims brought by Ms. Duncan.

ORDER - 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**IV.**

**CONCLUSION**

The Court GRANTS the individual Defendants' motion.  *See* Dkt. # 72.  The Court DISMISSES with prejudice Plaintiff Jennifer Dold's state law claims against the individual Defendants, Mr. McGee and Mr. McCoy.

Dated this 22nd day of November, 2022.

John H. Chun
United States District Judge