UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER DOLD, ET AL.,<br><br>                    Plaintiffs,<br><br>       v.<br><br>SNOHOMISH COUNTY, ET AL.,<br><br>                    Defendants. | CASE NO. 2:20-cv-00383-JHC<br><br>ORDER |

Pending before the Court are five motions for summary judgment filed by Plaintiffs, Defendants McGee and McCoy, and Snohomish County. The Court has reviewed the materials filed in support of and in opposition to the motions. The Court hereby rules as follows:

(1) Plaintiffs' Motion for Partial Summary Judgment on the Negligent Retention Claim, Dkt. # 58, is DENIED. There remain material disputes of fact about whether the County was negligent in retaining deputy McGee.

(2) Plaintiffs' Motion for Partial Summary Judgment on Causation and Color of Law Elements of the Excessive Force Claim, Dkt. # 61, is GRANTED in part and DENIED in part. The Court grants the motion as to the "color of law" element of the claim but denies it as to the "causation" element of the claim. Causation almost always involves

ORDER - 1

questions of fact, and it is properly submitted to the jury here. The causation issue is inextricably linked to the excessive force issue. The Court will carefully instruct the jury about the law of causation. If appropriate, the Court may make clear in the instructions that there can be multiple causes of an injury (e.g., that the alleged conduct of Mr. Dold and the deputies during the encounter can both be causes of Mr. Dold's death). The Court will also carefully instruct the jury about the law applicable to damages.

(3) Plaintiffs' Motion for Partial Summary Judgment on the Warrantless Entry Claim, Dkt. # 63, is DENIED. Even if the warrantless entry amounts to a Fourth Amendment violation, the deputies are entitled to qualified immunity.

(4) The deputies' Motion for Summary Judgment, Dkt. # 67, is GRANTED in part and DENIED in part as moot. The Court grants the motion as to the warrantless entry claim. Even if the warrantless entry amounts to a Fourth Amendment violation, the deputies are entitled to qualified immunity. The Court denies the motion as moot as to the wrongful death claim and the state law qualified immunity argument; the Court has already dismissed the wrongful death/negligence cause of action brought against the individual deputies. *See* Dkt. ## 39 and 132.

(5) The County's Motion for Summary Judgment, Dkt. # 75, is GRANTED in part and DENIED in part. The Court grants the motion as to all *Monell* claims. The Court denies the motion as to the negligent retention claim. There are material disputes of fact about whether the County was negligent in retaining deputy McGee, and the claim is not barred by the public duty doctrine. To the extent that the County's motion seeks an order establishing that the deputies' use of force was permissible as a matter of law,

ORDER - 2

the Court denies the motion: A reasonable jury could conclude that the deputies' use of force was excessive and caused Mr. Dold's death.

The Court will issue a memorandum opinion explaining the reasoning for these rulings. For purposes of any applicable timing requirements in the Local Civil Rules (such as the deadline to file a motion for reconsideration), the Court's decision shall not be deemed issued until it has released its memorandum opinion.

Dated this 9th day of December, 2022.

John H. Chun
United States District Judge

ORDER - 3